Case 8:18-cv-00151-DOC-PLA   Document 1   Filed 01/26/18   Page 1 of 6   Page ID #:1

| | |
|---|---|
| 1 | ELENA R. BACA (SB# 160564) |
| 2 | elenabaca@paulhastings.com |
|   | CHRIS A. JALIAN (SB# 295564) |
| 3 | chrisjalian@paulhastings.com |
|   | PAUL HASTINGS LLP |
| 4 | 515 South Flower Street |
|   | Twenty-Fifth Floor |
| 5 | Los Angeles, CA 90071-2228 |
|   | Telephone:  1(213) 683-6000 |
| 6 | Facsimile:  1(213) 627-0705 |

Attorneys for Defendant
MONTAGE HOTELS AND RESORTS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER CAMPOS, an individual, on behalf of herself and others similarly situated, | CASE NO. 8:18-CV-00151 |
| Plaintiff, | **DEFENDANT MONTAGE HOTELS AND RESORTS, LLC'S NOTICE OF REMOVAL** |
| vs. | |
| MONTAGE HOTELS AND RESORTS, LLC, a Nevada Limited Liability Corporation; and DOES 1 through 50, inclusive, | **[28 U.S.C. §§ 1331, 1441 (A) AND (C), 1446 (A) (B) AND (D)]** |
| Defendant. | |

LEGAL_US_W # 92850076.4

DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JENNIFER CAMPOS AND TO HER ATTORNEYS OF RECORD, DAVID YEREMIAN, ESQ. AND ALVIN B. LINDSAY, ESQ. OF DAVID YEREMIAN & ASSOCIATES AND EMIL DAVTYAN, ESQ. OF DAVTYAN PROFESSIONAL LAW CORPORATION:

  PLEASE TAKE NOTICE THAT Defendant Montage Hotels and Resorts, LLC ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Southern District of California. This removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446(a), (b), and (d), for the reasons stated below:

## FACTUAL BACKGROUND

  1. <u>Complaint</u>. On or about December 22, 2017, plaintiff Jennifer Campos ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Orange entitled: "JENNIFER CAMPOS, *an individual, on behalf of herself and others similarly situated, Plaintiff, v. MONTAGE HOTELS AND RESORTS, LLC, a Nevada Limited Liability Corporation, and DOES 1 through 50, inclusive, Defendant*," designated as Case No. 30-2017-00963321-CU-OS-CXC. The Complaint asserts nine causes of action against Defendant for: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code section 510; (3) Failure to Pay Wages Under the FLSA, 29 USC sections 206, 207; (4) Meal Period Liability Under Labor Code section 226.7; (5) Rest Break Liability Under Labor Code section 226.7; (6) Violation of Labor Code section 226(a); (7) Violation of Labor Code section 221; (8) Violation of Labor Code section 203; (9) Violation of Business & Professions Code section 17200 *et seq.* True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet are attached hereto as Exhibit "A."

2. <u>Service of Process</u>.  On December 27, 2017, Plaintiff, through her counsel, caused a copy of the Summons, Complaint, and Civil Case Cover Sheet to be served on Defendant.  *See* Declaration of Chris A. Jalian ("Jalian Decl.") ¶ 2, attached hereto as Exhibit "B."  The Complaint is the initial and only pleading setting forth the claims for relief upon which this action is based and may be removed.  Defendants Does 1 through 50 are unnamed and unknown, and therefore have not been served with the Complaint.  *See* Cmplt. ¶ 6.

3. <u>Responsive Pleading</u>.  On January 25, 2018, Defendant filed and served its Answer to Plaintiff's Complaint.  Jalian Decl. ¶ 3.  A true and correct copy of Defendant's Answer is attached hereto as Exhibit "C."

## PROCEDURAL ISSUES

4. <u>Removal is Timely</u>.  Because no other initial pleadings were received by Defendant since December 27, 2017, this removal is timely, as it is being filed within thirty (30) days after receipt by Defendant of the initial pleading and is timely filed pursuant to 28 U.S.C. § 1446(b).

5. <u>Removal to Proper Court</u>.  Defendant properly removes Plaintiff's state court action to this Court because this Court is part of the "district and division embracing the place where" Plaintiff filed her state court action – Orange County, California.  28 U.S.C. § 1446(a); Cmplt. ¶ 2.

6. <u>Pleadings and Process</u>.  The Summons, Complaint, and Answer to the Complaint constitute all process, pleadings, and orders served on or by Defendant in this action.

7. <u>Filing and Service</u>.  In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Orange County Superior Court.  Jalian Decl. ¶ 4.  True and correct copies of the Notice to Adverse Party of Removal of Civil Action and the Notice to Superior Court of Removal of Civil Action are attached hereto as Exhibits "D" and

"E," respectively. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

8. <u>Venue</u>. Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the superior court where the removed case was pending is located within this district.

## **FEDERAL QUESTION JURISDICTION**

9. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

10. Plaintiff's third cause of action for alleged failure to pay wages is brought under and is based entirely on an alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 206, 207, *et seq*. Cmplt. ¶¶ 27, 65-75. Specifically, Plaintiff alleges, in part:

> Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). . . . and that Defendants also required Plaintiff and require the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). In the performance of their duties for Defendants, Employees as members of the FLSA collective often did work off the clock and over forty (40) hours per week, received nonhourly payments that were not incorporated by Defendants into the regular rate used to calculate and pay overtime compensation, and did not receive minimum wages and other required compensation for the work, labor and services they provided to Defendants, as required by the

> FLSA, 29 U.S.C. §§ 206 and 207. . . . Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions. . . . Plaintiff seeks . . . all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) . . . .

Cmplt. ¶¶ 65-75.

11. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. section 216, which provides that "[a]n action to recover the liability [under Section 206, 207 or 215(a)(2)] may be maintained against an employer in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Accordingly, Defendant may remove this action because it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.

## SUPPLEMENTAL JURISDICTION

12. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff, pursuant to 28 U.S.C. sections 1367(a) and 1441(c). When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims are so closely related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Since all of Plaintiff's claims arise from the same common nucleus of operative facts, all should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants

strongly favor this Court exercising jurisdiction over Plaintiff's Complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

WHEREFORE, Defendant respectfully removes the above-entitled action now pending before the Superior Court of the State of California for the County of Orange to this Court. Should the Court be inclined to remand this action, Defendant respectfully requests that the court issue an order to show cause why the case should be remanded, providing the parties with an opportunity to present briefing and argument prior to any possible remand. Such action is appropriate because remand is not subject to appellate review.

DATED: January 26, 2018      PAUL HASTINGS LLP
ELENA R. BACA
CHRIS A. JALIAN


By:  /s/ Chris A. Jalian
        CHRIS A. JALIAN

Attorneys for Defendant
MONTAGE HOTELS AND RESORTS, LLC

-5-
DEFENDANT'S NOTICE OF REMOVAL
LEGAL_US_W # 92850076.4