# EXHIBIT A

EXHIBIT A
PAGE  6

 **CT Corporation**

**Service of Process Transmittal**
12/27/2017
CT Log Number 532535499

TO:     Andrew Flor
        Montage Hotels & Resorts, LLC
        3 Ada Ste 100
        Irvine, CA 92618-2322

RE:     **Process Served in California**

FOR:    Montage Hotels & Resorts, LLC  (Domestic State: NV)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JENNIFER CAMPOS, an individual, on behalf of herself and others similarly situated, Pltf. vs. Montage Hotels & Resorts, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201700963321CUOECXC |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/27/2017 at 13:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | David Yeremian<br>DAVID YEREMIAN & ASSOCIATES, INC.<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA 91203<br>818-230-8380 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0131390129<br><br>Image SOP<br><br>Email Notification,  Andrew Flor  andrew.flor@montage.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A
PAGE  7

155

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MONTAGE HOTELS AND RESORTS, LLC, a Nevada Limited
Liability Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER CAMPOS, an individual, on behalf of herself and others
similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/22/2017** at 08:14:52 AM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County
751 West Santa Ana Blvd.
Santa Ana, CA 92701

CASE NUMBER:
*(Número del caso):*
30-2017-00962221-CU-OE-CXC
Judge Glenda Sanders

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

| DATE: 12/22/2017 *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretaria)* | Georgina Ramirez | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Montage Hotels and Resorts, LLC, a Nevada Limited Liability Corporation

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 12-27-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A
PAGE 8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/22/2017** at 08:14:52 AM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Alvin B. Lindsay (SBN 220236)
3  alvin@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  DAVTYAN PROFESSIONAL LAW CORPORATION
   Emil Davtyan (SBN 299363)
7  emil@davtyanlaw.com
   21900 Burbank Blvd, Suite 300
8  Woodland Hills, California 91367
   Telephone: (818) 992-2935
9  Facsimile: (818) 975-5525

10 Attorneys for Plaintiff JENNIFER CAMPOS,
   on behalf of herself and others similarly situated
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF ORANGE

| | |
|---|---|
| 14  JENNIFER CAMPOS, an individual, on behalf of herself and others similarly situated, | Case No.: 30-2017-00963321-CU-OE-CXC |
| 15 | **CLASS ACTION** |
| 16  Plaintiff, | **Assigned for All Purposes To:** |
| 17  vs. | Hon. Judge Glenda Sanders<br>Dept.: CX-101 |
| 18  MONTAGE HOTELS AND RESORTS, LLC, a Nevada Limited Liability Corporation; and DOES 1 through 50, inclusive, | **CLASS ACTION COMPLAINT AND COLLECTIVE ACTION FOR:** |
| 19 | 1. Failure to Pay Minimum Wages; |
| 20  Defendants. | 2. Failure to Pay Wages and Overtime Under Labor Code § 510; |
| 21 | 3. Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207; |
| 22 | 4. Meal Period Liability Under Labor Code § 226.7; |
| 23 | 5. Rest-Break Liability Under Labor Code § 226.7; |
| 24 | 6. Violation of Labor Code §§ 226(a); |
| 25 | 7. Violation of Labor Code § 221; |
|  | 8. Violation of Labor Code § 203; |
| 26 | 9. Violation of Business & Professions Code § 17200 *et seq.* |
| 27 | |
| 28 | **DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

Plaintiff JENNIFER CAMPOS, (hereinafter "Plaintiff") on behalf of herself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.     Plaintiff brings this action on behalf of herself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly associates by Defendants MONTAGE HOTELS AND RESORTS, LLC and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants").  Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and also brings a collective action for Defendants' violations of the provisions of the Fair Labor Standards Act ("FLSA"), including 29 U.S.C. §§ 206 and 207, and seeks redress therefore.

2.     Plaintiff is a resident of California and Orange County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly associate within the State of California at Defendants' hotel and resort location in Laguna Beach, California and within the County of Orange.   Plaintiff worked for Defendants in positions including reservations agent, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' hotel locations, with assigned responsibilities attendant to servicing the guests visiting Defendants' hotel and resort locations. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3.     Defendants required Plaintiff and the Employees in the Class and collective to work off the clock and failed to record accurate time worked by these Employees, including by rounding hours worked to the nearest quarter-hour to their detriment, failed to pay them at the appropriate rates for all hours worked, and provided Plaintiff and the Class members with

- 2 -
COMPLAINT

1    inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful

2    pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest

3    periods, as employees were not provided with the opportunity to take uninterrupted and duty-free

4    rest periods and meal breaks as required by the Labor Code.

5        4.       Defendant MONTAGE HOTELS AND RESORTS, LLC ("Montage") is a Nevada

6    limited liability corporation whose web-site explains that it is "a management company with a

7    collection of distinctive luxury hotels, resorts, and residences conveying a shared dedication to

8    comfortable elegance." Upon information and belief, Montage operates hotel and resort locations

9    in California, including "Montage" hotels in Laguna Beach, Los Angeles, and San Diego,

10   California, and in other states, including in Utah, Hawaii, and South Carolina, along with a

11   location in Los Cabos, Mexico. Defendant Montage is headquartered and lists its Principal Office

12   and its California Office in Irvine, California in Orange County, and maintains operations in

13   Orange, Los Angeles, and San Diego counties in California. Defendants have thus conducted

14   business in California at their various hotel and resort locations, including in Orange County, and

15   employed the Employees in the Class and collective at locations within California, or at their other

16   hotel and resort locations in the other states in which Defendants operate.

17       5.       This Court has jurisdiction over this Action pursuant to California Code of Civil

18   Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

19   as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

20   Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

21   pursuant to California Code of Civil Procedure § 395 et seq. Upon information and belief, the

22   obligations and liabilities giving rise to this lawsuit occurred in part in the County of Orange and

23   Defendant Montage maintains and operates its hotel and resort location in Laguna Beach,

24   California, thus employing Plaintiff and other Class members in Orange County and throughout

25   California.

26       6.       The true names and capacities, whether individual, corporate, associate, or

27   whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

28   unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

1   Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

2   designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

3   some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

4   this Complaint to reflect the true names and capacities of the Defendants designated herein as

5   Does 1 through 50 when their identities become known.

6       7.      Plaintiff is informed and believes and thereon alleges that each Defendant acted in

7   all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

8   out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

9   each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

10  all respects as the employers or joint employers of Employees. Defendants, and each of them,

11  exercised control over the wages, hours or working conditions of Employees, or suffered or

12  permitted Employees to work, or engaged, thereby creating a common law employment

13  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

14  employed Employees.

15                          **FACTUAL BACKGROUND**

16      8.      The Employees who comprise the Class and collective, including Plaintiff, are

17  nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal

18  regulations.  Defendants hire associate Employees who work in non-exempt positions at the

19  direction of Defendants in the State of California and throughout the United States. Plaintiff and

20  the Class members were either not paid by Defendants for all hours worked or were not paid at the

21  appropriate minimum, regular and overtime rates.  Plaintiff also contends that Defendants failed to

22  pay Plaintiff and the Class members all wages due and owing, including by unlawful rounding to

23  their detriment or under-recording of hours worked, made unlawful deductions from their pay,

24  failed to provide meal and rest breaks, and failed to furnish accurate wage statements, all in

25  violation of various provisions of the California Labor Code and applicable Wage Orders, and the

26  FLSA where applicable.

27      9.      During the course of Plaintiff and the Class members' employment with

28  Defendants, they were not paid all wages they were owed, including for all work performed

1   (resulting in "off the clock" work) and for all overtime hours worked and were forced to work

2   off-the-clock to keep labor budgets low.

3         10.     More specifically, Defendants required many of the Employee Class members to

4   clock in and out in Defendants' timekeeping system by swiping cards Defendants issued to them,

5   and the timekeeping system permitted Defendant to record clock in and clock out times to the

6   real-time minute. In fact, Plaintiff was disciplined if she clocked in late by minutes as recorded in

7   her timekeeping records. However, rather than paying Plaintiff and the Class members for all

8   hours and minutes they actually worked, Defendants followed a uniform policy and practice of

9   rounding all time entries to the nearest quarter-hour (i.e. to the nearest 15 minute time increment),

10   and generally did so to the detriment of the Employees, and these unlawfully rounded time entries

11   were inputted into Defendants' payroll system from which wage statements and payroll checks

12   were created. By implementing policies, programs, practices, procedures and protocols which

13   rounded the hours worked by Class members down to their detriment, Defendants' willful actions

14   resulted in the systematic underpayment of wages to Class members, including underpayment of

15   overtime pay to Class members over a period of time. Defendants also paid certain commissions

16   and bonuses to Plaintiff and the Class members, but failed to correctly calculate the regular rate

17   of pay to Employees based on these additional non-hourly wages that Defendants used to

18   calculate and pay overtime to the Employees, and Defendants required Plaintiffs and the Class

19   members to work performing job duties while off the clock and without pay, including by

20   unlawful rounding. Defendant has also either failed to maintain timekeeping records for Plaintiff

21   that would permit her to discover the nature and extent of Defendants' unlawful rounding or has

22   refused to produce them to Plaintiff in response to her timely request to be provided with them.

23         11.     As a matter of uniform Company policy, Plaintiff and the Class members were

24   required to work off the clock which was not compensated by Defendants in violation of the

25   California <u>Labor Code</u> and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201

26   *et seq*. Plaintiff and the Class members were also not paid regular wages and overtime for the

27   time they were required to comply with other requirements imposed upon them, which they had

28   to complete while off-duty and without compensation. Plaintiff and the Class members were

EXHIBIT A
PAGE 13

1  sometimes asked to work shifts over eight (8) hours in a day and to work over forty (40) hours in
2  a work week, but they were not paid at the appropriate overtime rate for all such hours, including
3  by being required to perform work duties and tasks without pay and while off-the-clock due to
4  Defendants' unlawful rounding, and Defendants further miscalculated and underpaid overtime by
5  failing to account for commissions and other non-hourly payments in calculating and paying
6  overtime. As a result, Plaintiff and the Class members worked substantial overtime hours during
7  their employment with Defendants for which they were not compensated, in violation of the
8  California Labor Code and the FLSA.

9       12.     As a result of the above described unlawful rounding and requirements to work off
10  the clock, the failure to calculate and pay wages at the correct rates, the daily work demands and
11  pressures to work through breaks, and the other wage violations they endured at Defendants'
12  hands, Plaintiff and the Class members were not properly paid for all wages earned and for all
13  wages owed to them by Defendants, including when working more than eight (8) hours in any
14  given day and/or more than forty (40) hours in any given week. As a result of Defendants'
15  unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for
16  which they were not adequately and completely compensated, in addition to the hours they were
17  required to work off the clock.  To the extent applicable, Defendants also failed to pay Plaintiff
18  and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of
19  the seventh consecutive work day in a week and overtime payments at the rate of 2 times the
20  regular rate for hours worked over eight (8) on the seventh consecutive work day, as required
21  under the Labor Code and applicable IWC Wage Orders.

22       13.     Therefore, from at least four (4) years prior to the filing of this lawsuit and
23  continuing to the present, Defendants thus had a consistent policy or practice of failing to pay
24  Employees for all hours worked, and failing to pay minimum wage for all time worked as required
25  by California Law.

26       14.     Also, from at least four (4) years prior to the filing of this lawsuit and continuing to
27  the present, Defendants also had a consistent policy or practice of failing to pay Employees
28  overtime compensation at premium overtime rates for all hours worked in excess of eight (8)

1 | hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of

2 | twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC

3 | Wage Orders.

4 | 15. Furthermore, during the three years immediately preceding the filing of the

5 | Complaint in this action and within the statute of limitations periods applicable to the Third

6 | Cause of Action pled herein, Defendants employed Plaintiff and other hotel associate Employees

7 | within the United States (collectively "FLSA Collective Members"). FLSA Collective Members

8 | were, and are, victims of Defendants' policies and/or practices complained of herein, lost money

9 | and/or property, and have been deprived of the rights guaranteed to them by the FLSA, as

10 | addressed in further detail herein. The FLSA Collective Members include of all Defendants'

11 | current and former non-exempt, hourly hotel and resort Employees who worked based out of any

12 | of Defendants' locations throughout the United States.

13 | 16. Additionally, Defendants failed to provide all the legally required unpaid, off-duty

14 | meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other

15 | Class members as required by the applicable Wage Order and Labor Code. Defendants did not

16 | have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal

17 | periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class

18 | members. Plaintiff and other Class members were required to perform work as ordered by

19 | Defendants for more than five (5) hours during a shift, but were often required to do so without

20 | receiving a meal break. In fact, as addressed above, Defendants followed a practice of under-

21 | reporting or rounding down hours worked in a manner that would impact when Employees were to

22 | receive meal periods, and meal periods were therefore either provided late or were interrupted by

23 | customer demands. On occasions when Employees in the Class worked over 10 hours in a shift,

24 | Defendants also failed to provide them with a second meal period. Furthermore, Plaintiff was not

25 | authorized and permitted to take her required, off-duty and paid rest periods for every four (4)

26 | hours worked or major fraction thereof, as Plaintiff was required to remain on-duty to respond to

27 | customer and management demands. As a result, Defendants' failure to provide the Plaintiff and

28 | the Class members with all the legally required off-duty, unpaid meal periods and all the legally

EXHIBIT A
PAGE 15

1   required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or

2   lack thereof.  Again, Defendants have either failed to maintain required records of when meal

3   periods were provided or failed to produce them in response to Plaintiff's timely and lawful

4   request.

5       17.    For at least four years prior to the filing of this action and through to the present,

6   Plaintiff and the Class members were forced to meet the needs of Defendants' clientele, and could

7   not be relieved to take breaks, or were required to remain on-duty at all times and were unable to

8   take off-duty breaks or were otherwise not provided with the opportunity to take required breaks

9   due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members

10   were provided with a meal period, it was often untimely or interrupted, as they were required to

11   respond to work demands, and they were not provided with one (1) hour's wages in lieu thereof.

12   Meal period violations thus occurred in one or more of the following manners:

13       (a)    Class members were not provided full thirty-minute duty free meal periods

14       for work days in excess of five (5) hours and were not compensated one (1)

15       hour's wages in lieu thereof, all in violation of, among others, Labor Code

16       §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage

17       Order(s);

18       (b)    Class members were not provided second full thirty-minute duty free meal

19       periods for work days in excess of ten (10) hours;

20       (c)    Class members were required to work through at least part of their daily

21       meal period(s);

22       (d)    Meal period were provided after five hours of continuous work during a

23       shift; and

24       (e)    Class members were restricted in their ability to take a full thirty-minute

25       meal period.

26       18.    Plaintiff and the Defendants' non-exempt, hourly hotel Employees in the Class

27   were also not authorized and permitted to take lawful rest periods, were systematically required

28   by Defendants to work through or during breaks, and were not provided with one (1) hour's

- 8 -
COMPLAINT

1   wages in lieu thereof.  Rest period violations therefore arose in one or more of the following

2   manners:

3           (a)    Class members were required to work without being provided a minimum

4                ten minute rest period for every four (4) hours or major fraction thereof

5                worked and were not compensated one (1) hour of pay at their regular rate

6                of compensation for each workday that a rest period was not provided; and

7           (b)    Class members were not authorized and permitted to take timely rest

8                periods for every four hours worked, or major fraction thereof.

9       19.    Class members were also restricted in their ability to take their full ten (10) minutes

10   net rest time or were otherwise not provided with duty-free rest periods.  Therefore, from at least

11   four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have

12   consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for

13   every work period of four (4) or more consecutive hours; nor did Defendant pay Employees

14   premium pay for each day on which requisite rest breaks were not provided or were deficiently

15   provided

16       20.    Additionally, from at least four (4) years prior to the filing of this lawsuit and

17   continuing to the present, Defendants have regularly required Employees to work shifts in excess

18   of five (5) hours without providing them with uninterrupted meal periods of not less than thirty

19   (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal

20   periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one

21   hour of wages at each Employee's effective hourly rate of pay, for each meal period that

22   Defendants failed to provide or deficiently provided.

23       21.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

24   present, Defendants have consistently and unlawfully collected or received wages from Employees

25   by making automatic deduction from Employees' wages for alleged meal periods which

26   Employees were consistently denied.

27   ///

28   ///

22.     As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members she seeks to represent:

    a.   failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

    b.   failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of Labor Code § 204;

    c.   failing to pay Class members all wages owed, including all meal and rest period premium wages;

    d.   failing to maintain accurate records of Class members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders; and

    e.   failing to produce timekeeping records in response to Plaintiff's timely and lawful request to receive them under these authorities.

23.     From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work, unlawful rounding to the detriment of Employees, and incorrect calculation of the regular rate used to calculate and pay overtime. Defendants have also made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt retail employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, which were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all regular and overtime hours worked and submitted by

EXHIBIT A
PAGE 18

Plaintiff and the Class members, as Defendants' policy of unlawfully rounding time entries to the detriment of Employees resulted to changed timekeeping records and corresponding payroll records reflecting that Employees worked less hours than they actually worked. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members.

24.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

25.     In light of the foregoing, Employees bring this action pursuant to, *inter alia,* Labor Code §§ 201, 202,  203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, 1194.2, and 1197 and California Code of Regulations, Title 8, section 11000 *et seq.*,

26.     Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

27.     The Fair Labor Standards Act: The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum standards for both minimum and regular wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage

EXHIBIT A
PAGE  19

1    and overtime pay provisions at issue in this Complaint. According to Congressional findings, the

2    existence of labor conditions detrimental to the maintenance of the minimum standard of living

3    engenders unfair commercial competition, labor disputes, and barriers to commerce and the free

4    flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

5    Defendants violated the FLSA with the above described unlawful wage payment practices,

6    including by not paying Employees for all hours worked at the required minimum and regular

7    wage and for all overtime for hours worked over 40 in a workweek.

8                    **CLASS AND COLLECTIVE ALLEGATIONS**

9        28.    Plaintiff brings this class action on behalf of herself an all others similarly situated

10   pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or

11   "Class members") defined as follows: "All individuals employed by Defendants at any time

12   during the period of four (4) years prior to the filing of this lawsuit and ending on a date as

13   determined by the Court ("the Class Period"), and who have been employed by Defendants as

14   non-exempt, hourly associate employees within the State of California."

15       Further, Plaintiff seeks to represent the following Subclasses composed of and defined as

16   follows:

17       a.    Subclass 1.   Minimum Wages Subclass. All Class members who were not

18   compensated for all hours worked for Defendants at the applicable minimum wage.

19       b.    Subclass 2.   Wages and Overtime Subclass. All Class members who were not

20   compensated for all hours worked for Defendants at the required rates of pay, including for all

21   hours worked in excess of eight in a day and/or forty in a week.

22       c.    Subclass 3.   Meal Period Subclass. All Class members who were subject to

23   Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-

24   free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

25       d.    Subclass 4. Rest Break Subclass. All Class members who were subject to

26   Defendants' policy and/or practice of failing to authorize and permit Employees to take

27   uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

28   thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

EXHIBIT A
PAGE 20

1    e.    Subclass 5. Wage Statement Subclass. All Class members who, within the

2    applicable limitations period, were not provided with accurate itemized wage statements.

3    f.    Subclass 6. Unauthorized Deductions from Wages Subclass. All Class members

4    who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes

5    worth of wages from Employees for alleged meal periods they were denied and/or by understating

6    the hours worked by Employees.

7

8    g.    Subclass 7. Termination Pay Subclass. All Class members who, within the

9    applicable limitations period, either voluntarily or involuntarily separated from their employment

10    and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

11    termination.

12    h.    Subclass 8. UCL Subclass. All Class members who are owed restitution as a result

13    of Defendants' business acts and practices, to the extent such acts and practices are found to be

14    unlawful, deceptive, and/or unfair.

15    29.    Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

16    collective defined as: "All current and former hourly, non-exempt hotel and resort employees who

17    worked for Defendants at any time during the period of three (3) years prior to the filing of this

18    lawsuit and ending on a date as determined by the Court (the "FLSA Collective"). The FLSA

19    Collective Members include of all Defendants' current and former hourly, retail store employees

20    who worked based out of any of Defendants' locations throughout the United States, including

21    those in California. Defendants are liable under the FLSA for, *inter alia*, failing to properly

22    compensate Plaintiff and FLSA Class members for all hours worked.

23    30.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

24    modify the class description with greater particularity or further division into subclasses or

25    limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class

26    against Defendants, the Class Period should be adjusted accordingly.

27    31.    Defendants, as a matter of company policy, practice and procedure, and in violation

28    of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements,

- 13 -
COMPLAINT

1 | and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

2 | in a practice whereby Defendants failed to correctly calculate compensation for the time worked

3 | by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of

4 | this work, required employees to perform this work and permitted or suffered to permit this work.

5 | Defendants have uniformly denied these Class members wages to which these employees are

6 | entitled, and failed to provide meal periods or authorize and permit rest periods, in order to

7 | unfairly cheat the competition and unlawfully profit.

8 |      32.     This action has been brought and may properly be maintained as a class action

9 | under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

10 | of interest in litigation and proposed class is easily ascertainable.

11 |      **A.**     **Numerosity**

12 |      33.     The potential members of the class as defined are so numerous that joinder of all

13 | the member of the class is impracticable. While the precise number of class member has not been

14 | determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

15 | time period relevant to this lawsuit, thousands of Employees who satisfy the Class definition

16 | within the State of California.

17 |      34.     Accounting for employee turnover during the relevant time period increases this

18 | number substantially. Plaintiff alleges that Defendants' employment records will provide

19 | information as to the number and location of all class members.

20 |      **B.**     **Commonality**

21 |      35.     There are questions of law and fact common to the Class that predominate over any

22 | questions affecting only individual Class members. These common questions of law and fact

23 | include:

24 |      a.     Whether Defendants failed to pay Employees minimum wages;

25 |      b.     Whether Defendants failed to pay Employees wages for all hours worked;

26 |      c.     Whether Defendants failed to pay Employees overtime as required under Labor

27 |      Code § 510;

28 |      d.     Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

- 14 -
**COMPLAINT**

1       IWC Wage Orders, by failing to provide Employees with requisite meal periods or

2       premium pay in lieu thereof;

3    e.    Whether Defendants violated <u>Labor Code</u> §§ 226.7, and the applicable IWC Wage

4       Orders, by failing to authorize and permit Employees to take requisite rest breaks

5       or provide premium pay in lieu thereof;

6    f.    Whether Defendants violated <u>Labor Code</u> § 226(a) by providing Employees with

7       inaccurate wage statements;

8    g.    Whether Defendants violated <u>Labor Code</u> § 221;

9    h.    Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay

10       wages and compensation due and owing at the time of termination of employment;

11    i.    Whether Defendants' conduct was willful;

12    j.    Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage

13       Orders by failing to maintain accurate records of Class members' earned wages and

14       work periods;

15    k.    Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all

16       Employees during the relevant time period for all hours worked, whether regular or

17       overtime;

18    l.    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*;

19    m.    Whether Employees are entitled to equitable relief pursuant to <u>Business and</u>

20       <u>Professions Code</u> § 17200 *et seq.*

21    **C.**    **Typicality**

22    36.    The claims of the named plaintiff are typical of those of the other Employees. The

23 Employee Class members all sustained injuries and damages arising out of and caused by

24 Defendants' common course of conduct in violation of statutes, as well as regulations that have

25 the force and effect of law, as alleged herein.

26    **D.**    **Adequacy of Representation**

27    37.    Plaintiff will fairly and adequately represent and protect the interest of the

28 Employees. Counsel who represents the Employees are experienced and competent in litigating

EXHIBIT A
PAGE 23

1  employment class actions. :

2    **E.**   **Superiority of Class Action**

3    38.   A class action is superior to other available means for the fair and efficient

4  adjudication of this controversy. Individual joinder of all Employees is not practicable, and

5  questions of law and fact common to all Employees predominate over any questions affecting only

6  individual Employees. Each Employee has been damaged and is entitled to recovery by reason of

7  Defendants' illegal policies or practices of failing to compensate Employees properly.

8    39.   As to the issues raised in this case, a class action is superior to all other methods for

9  the fair and efficient adjudication of this controversy, as joinder of all Class members is

10  impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class

11  members. Further, as the economic or other loss suffered by vast numbers of Class members may

12  be relatively small, the expense and burden of individual actions makes it difficult for the Class

13  members to individually redress the wrongs they have suffered. Moreover, in the event

14  disgorgement is ordered, a class action is the only mechanism that will permit the employment of

15  a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in

16  managing this case as a class action, and proceeding on a class-wide basis will permit Employees

17  to vindicate their rights for violations they endured which they would otherwise be foreclosed

18  from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

19     · 40.   Class action treatment will allow those persons similarly situated to litigate their

20  claims in the manner that is most efficient and economical for the parties and the judicial system.

21  Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment.

22  Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would

23  set forth the subject and nature of the instant action. The Defendants' own business records can be

24  utilized for assistance in the preparation and issuance of the contemplated notices. To the extent

25  that any further notice is required additional media and/or mailings can be used.

26    41.   Defendants, as a prospective and actual employer of the Employees, had a special

27  fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants'

28  pay practices, policies and working conditions imposed upon the similarly situated Employees as

well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

42.     Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing.  As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

43.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

44.     Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work and regarding rounding of timekeeping entries and revisions made to timekeeping records to reflect less time worked than was actually worked.  Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified Employee hours, and imposed difficult to attain job and  shift scheduling requirements on Plaintiff and the Class members, which resulted in off the clock work and underpayment of all wages owed to employees over a period of time, while benefiting Defendants.  During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by unlawful rounding to their detriment.

- 17 -
COMPLAINT

1   Additionally, Defendants had a consistent policy of failing to pay Employees for hours worked

2   during alleged meal and rest periods for which Employees were consistently denied, as also

3   addressed herein. Defendants' uniform pattern of unlawful wage and hour practices manifested,

4   without limitation, applicable to the Class as a whole, as a result of implementing a uniform

5   policy and practice that denied accurate compensation to Plaintiff and the other members of the

6   Class as to minimum wage pay.

7        45.    In California, employees must be paid at least the then applicable state minimum

8   wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California

9   Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

10  timely pay its employees for all hours worked.  Defendants failed to do so.

11       46.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

12  states:

13              The minimum wage for employees fixed by the commission is the
                minimum wage to be paid to employees, and the payment of a less
14              wage than the minimum so fixed is unlawful.

15       47.    The applicable minimum wages fixed by the commission for work during the

16  relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are

17  therefore entitled to double the minimum wage during the relevant period.

18       48.    The minimum wage provisions of California Labor Code are enforceable by private

19  civil action pursuant to Labor Code § 1194(a) which states:

20
                Notwithstanding any agreement to work for a lesser wage, any
21              employee receiving less than the legal minimum wage or the legal
                overtime compensation applicable to the employee is entitled to
22              recover in a civil action the unpaid balance of the full amount of
                this minimum wage or overtime compensation, including interest
23              thereon, reasonable attorney's fees and costs of suit.

24       49.    As described in California Labor Code §§ 1185 and 1194.2, any action for wages

25  incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

26  California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

27  Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

28  all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may

- 18 -
COMPLAINT

1 │ be used as a credit against a minimum wage obligation.

2 │      50.     In committing these violations of the California <u>Labor Code</u>, Defendants

3 │ inaccurately recorded or calculated the correct time worked and consequently underpaid the actual

4 │ time worked by Plaintiff and other members of the Class.  Defendants acted in an illegal attempt

5 │ to avoid the payment of all earned wages, and other benefits in violation of the California <u>Labor</u>

6 │ <u>Code</u>, the Industrial Welfare Commission requirements and other applicable laws and regulations.

7 │ As a result of these violations, Defendant also failed to timely pay all wages earned in accordance

8 │ with California <u>Labor Code</u> § 1194.

9 │      51.     California <u>Labor Code</u> § 1194.2 also provides for the following remedies:

10 │           In any action under Section 1194 . . . to recover wages because of
   │           the payment of a wage less than the minimum wages fixed by an
11 │           order of the commission, an employee shall be entitled to recover
   │           liquidated damages in an amount equal to the wages unlawfully
12 │           unpaid and interest thereon.

13 │      52.     In addition to restitution for all unpaid wages, pursuant to California <u>Labor Code</u> §

14 │ 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial

15 │ failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to

16 │ pay each employee minimum wages.

17 │      53.     Pursuant to California <u>Labor Code</u> § 1194.2, Plaintiff and Class members are

18 │ further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and

19 │ interest thereon.

20 │      54.     Defendants have the ability to pay minimum wages for all time worked and have

21 │ willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

22 │ indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

23 │      55.     Wherefore, Plaintiff and the Employee Class members are entitled to recover the

24 │ unpaid minimum wages (including double minimum wages), liquidated damages in an amount

25 │ equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees

26 │ and costs of suit pursuant to California <u>Labor Code</u> § 1194(a).  Plaintiff and the other members of

27 │ the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs,

28 │ as well as the assessment of any statutory penalties against Defendants, in a sum as provided by

the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements.  Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

56.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

57.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

58.     By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work and by

1   unlawfully rounding down and under-reporting actual hours worked and by failing to incorporate

2   the incentive bonuses paid to the Employees in the Class into the regular rate used to calculate

3   and pay overtime wages

4         59.     Defendants had a consistent policy of not paying Employees wages for all hours

5   worked. Defendants, and each of them, have intentionally and improperly rounded, changed,

6   adjusted and/or modified certain employees' hours, including Plaintiff's, or otherwise caused

7   them to work off the clock to avoid paying Plaintiff and the Class members all earned and owed

8   straight time and overtime wages and other benefits, in violation of the California Labor Code,

9   the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the

10  Division of Labor Standards and Enforcement.   Defendants have also violated these provisions

11  by requiring Plaintiff and other similarly situated non-exempt employees to work through meal

12  periods when they were required to be clocked out or to otherwise work off the clock to complete

13  their daily job duties or to attend and participate in company required activities. Therefore,

14  Employees were not properly compensated, nor were they paid overtime rates for hours worked

15  in excess of eight hours in a given day, and/or forty hours in a given week. Based on information

16  and belief, Defendants did not make available to Employees a reasonable protocol for correcting

17  time records when Employees worked overtime hours or to fix incorrect time entries or those that

18  Defendants unlawfully rounded to the Employee's detriment. Defendants have also violated these

19  provisions by requiring Plaintiff and other similarly situated Employees in the Class to work

20  through meal periods when they were required to be clocked out or to otherwise work off the

21  clock to complete their daily job duties, and by failing to incorporate non-discretionary and

22  performance based bonuses or other non-hourly compensation into the regular rate used by

23  Defendants to calculate and pay overtime compensation.

24        60.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of

25  regular wages owed and overtime compensation, as required by California law, violates the

26  provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

27        61.     Additionally, Labor Code § 558(a) provides "any employer or other person acting

28  on behalf of an employer who violates, or causes to be violated, a section of this chapter or any

- 21 -
COMPLAINT

provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

62.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

63.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

64.     Consequently, pursuant to California Labor Code, including Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

///

///

///

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UNDER THE FLSA**

**(Against All Defendants)**

65.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

67.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;....

68.     Plaintiff is informed and believes, and thereon alleges, that certain or all of the Employees were not exempt employees under the FLSA's overtime provisions and that Defendants also required Plaintiff and require the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(l). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

69.     In the performance of their duties for Defendants, Employees as members of the FLSA collective often did work off the clock and over forty (40) hours per week, received non-hourly payments that were not incorporated by Defendants into the regular rate used to calculate and pay overtime compensation, and did not receive minimum wages and other required

- 23 -
COMPLAINT

compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207, due to Defendants' policy and practice of rounding timekeeping entries down to the nearest quarter-hour to the detriment of the Employees in the Class, and as addressed in detail above.

70.     At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and the FLSA Collective Members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to this action, Defendants required Plaintiff and FLSA Collective Members to perform work under Defendants employ but failed to pay them the federally mandated wages and overtime compensation for all services performed.

71.     The precise amount of unpaid wages and unpaid hours will be proven at trial, as will the extent of the geographic scope of the FLSA Collective, as Defendants maintain operations in California but also in other states throughout the United States.   Upon information and belief, Employees of Defendants in other states besides California were also subject to the same uniform and unlawful company policies and practices as were the members of the FLSA Collective employed in California, as addressed herein.

72.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA Collective Members. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective Members, and by rounding timekeeping entries down to reflect less hours than were actually worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*

73.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

1  74.     Defendants' violations of the FLSA were willful within the meaning of the statue

2  and interpretive case law and decisions.

3  75.     Plaintiff seeks judgment against Defendants on her own behalf and on behalf of

4  those FLSA collective employees similarly situated who file written consents to joinder in this

5  action, for all unpaid wages, including minimum and overtime wages owed by Defendants,

6  pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as

7  liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29

8  U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent

9  jurisdiction by any one or more employees for and in behalf of himself or themselves and other

10  employees similarly situated."

11  **FOURTH CAUSE OF ACTION**

12  **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

13  **(Against All Defendants)**

14  76.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

15  full herein.

16  77.     Employees regularly worked shifts greater than five (5) hours and in some

17  instances, greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ

18  someone for a shift of more than five (5) hours without providing him or her with a meal period of

19  not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or

20  her with a second meal period of not less than thirty (30) minutes.

21  78.     Defendants failed to provide Employees with meal periods as required under the

22  Labor Code. Employees were often required to work through their meal periods or provided with

23  them after working beyond the fifth hour of their shifts.  Furthermore, upon information and

24  belief, on the occasions when Employees worked more than 10 hours in a given shift, they did so

25  without receiving a second uninterrupted thirty (30) minute meal period as required by law.

26  79.     Defendants thus failed to provide Plaintiff and the Class members with meal

27  periods as required by the Labor Code, including by not providing them with the opportunity to

28  take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them

1  to perform work during breaks.

2      80.    Moreover, Defendants failed to compensate Employees for each meal period not

3  provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the

4  applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a

5  meal period in accordance with this section, the employer shall pay the employee one (1) hour of

6  pay at the employee's regular rate of compensation for each workday that the meal period is not

7  provided. Defendants failed to compensate Employees for each meal period not provided or

8  inadequately provided, as required under Labor Code § 226.7.

9      81.    Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in

10  an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

11  period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment

12  of any statutory penalties against the Defendants, and each of them, in a sum as provided by the

13  Labor Code and other statutes.

14  **FIFTH CAUSE OF ACTION**

15  **REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

16  **(Against All Defendants)**

17      82.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

18  full herein.

19      83.    Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders

20  provide that employers must authorize and permit all employees to take rest periods at the rate of

21  ten (10) minutes net rest time per four (4) work hours.

22      84.    Employees consistently worked consecutive four (4) hour shifts and were generally

23  scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and

24  permit them to take rest periods. Pursuant to the Labor Code and the applicable IWC Wage Order,

25  Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive

26  four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less

27  than ten (10) minutes for each consecutive four (4) hour shift.

28      85.    Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders

provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

86.　Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

87.　Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

88.　Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

89.　Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

90.　California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

- 27 -
COMPLAINT

EXHIBIT A
PAGE 35

91.   Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods and rounded timekeeping entries to the detriment of the Class members, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

92.   Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226, amongst other statutory requirements.  Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour statements.

93.   Plaintiff and the Class members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under <u>Labor Code</u> § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items <u>Labor Code</u> § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net

wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

94.     Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

95.     Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 221**

**(Against All Defendants)**

96.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

97.     Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Defendants failed to do so.

98.     Defendants unlawfully received and/or collected wages from the Employees in the Class by implementing a policy of automatically deducting 30 minutes worth of vested wages,

EXHIBIT A
PAGE 37

1  from Employees, for alleged meal periods which they were consistently denied, as well as by

2  rounding down and understating the hours worked by Employees as alleged above.

3       99.    As a direct and proximate cause of the unauthorized deductions, Employees have

4  been damaged, in an amount to be determined at trial.

5  **EIGHTH CAUSE OF ACTION**

6  **VIOLATION OF <u>LABOR CODE</u> § 203**

7  **(Against All Defendants)**

8      100.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

9  full herein.

10      101.    Numerous Employees are no longer employed by Defendants; they either quit

11  Defendants' employ or were fired therefrom.

12      102.    Defendants failed to pay these Employees all wages due and certain at the time of

13  termination or within seventy-two (72) hours of resignation.

14      103.    The wages withheld from these Employees by Defendants remained due and owing

15  for more than thirty (30) days from the date of separation of employment.

16      104.    Defendants failed to pay Plaintiff and the Class members without abatement, all

17  wages as defined by applicable California law. Among other things, these Employees were not

18  paid all regular and overtime wages, including by failing to pay for all hours worked or requiring

19  off the clock work or by unlawful rounding of time entries to the detriment of Employees, and by

20  failing to correctly calculate the regular rate used to calculate and pay overtime compensation, and

21  failed to pay premium wages owed for unprovided meal periods and rest periods, as further

22  detailed in this Complaint. Defendants' failure to pay said wages within the required time was

23  willful within the meaning of <u>Labor Code</u> § 203.

24      105.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants

25  knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

26  under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until paid for up

27  to thirty (30) days from the date they were due.

28  ///

- 30 -
COMPLAINT

**NINTH CAUSE OF ACTION**

**VIOLATION OF <u>BUSINESS & PROFESSIONS CODE</u> § 17200 ET SEQ.**

**(Against All Defendants)**

106.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

107.     Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

108.     Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

109.     <u>Business & Professions Code</u> § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California <u>Labor Code</u> and Industrial Welfare Commission requirements in violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California <u>Business & Professions Code</u> § 17203, including restitution of wages wrongfully withheld.

110.     Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. <u>Labor Code</u> § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to

EXHIBIT A
PAGE 39

1   comply with minimum labor standards.

2       111.    Defendants have violated statutes and public policies. Through the conduct alleged

3   in this Complaint Defendants have acted contrary to these public policies, have violated specific

4   provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

5   violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff,

6   and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

7   guaranteed to all employees under the law.

8       112.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

9   violation of the Business & Professions Code § 17200 *et seq*.

10      113.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

11  overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

12  reasonable care should have known that their conduct was unlawful; therefore their conduct

13  violates the Business & Professions Code § 17200 *et seq*.

14      114.    By the conduct alleged herein, Defendants have engaged and continue to engage in

15  a business practice which violates California and federal law, including but not limited to, the

16  applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor

17  Code including Sections 204, 226, 226.7, 512, 1194, 1197, and 1198, for which this Court should

18  issue declaratory and other equitable relief pursuant to California Business & Professions Code §

19  17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

20  competition, including restitution of wages wrongfully withheld.

21      115.    As a proximate result of the above-mentioned acts of Defendants, Employees have

22  been damaged, in a sum to be proven at trial.

23      116.    Unless restrained by this Court Defendants will continue to engage in such

24  unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court

25  should make such orders or judgments, including the appointment of a receiver, as may be

26  necessary to prevent the use by Defendants or their agents or employees of any unlawful or

27  deceptive practice prohibited by the Business & Professions Code, including but not limited to the

28  disgorgement of such profits as may be necessary to restore Employees to the money Defendants

EXHIBIT A
PAGE  40

1 │ have unlawfully failed to pay.

2 │ **RELIEF REQUESTED**

3 │ WHEREFORE, Plaintiff prays for the following relief:

4 │     1.    For an order certifying this action as a class action;

5 │     2.    For compensatory damages in the amount of the unpaid minimum wages for work
6 │ performed by Employees and unpaid overtime compensation from at least four (4) years prior to
7 │ the filing of this action, as may be proven;

8 │     3.    For liquidated damages in the amount equal to the unpaid minimum wage and
9 │ interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

10 │     4.    For compensatory damages in the amount of all unpaid wages, including overtime
11 │ and double-time pay, as may be proven;

12 │     5.    For compensatory damages in the amount of the hourly wage made by Employees
13 │ for each missed or deficient meal period where no premium pay was paid therefor from four (4)
14 │ years prior to the filing of this action, as may be proven;

15 │     6.    For compensatory damages in the amount of the hourly wage made by Employees
16 │ for each day requisite rest breaks were not provided or were deficiently provided where no
17 │ premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may
18 │ be proven;

19 │     7.    For penalties pursuant to <u>Labor Code</u> § 226(e) for Employees, as may be proven;

20 │     8.    For restitution and/or damages for all amounts unlawfully withheld from the wages
21 │ for all class members in violation of <u>Labor Code</u> § 221, as may be proven;

22 │     9.    For penalties pursuant to <u>Labor Code</u> § 203 for all Employees who quit or were
23 │ fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

24 │     10.    For restitution for unfair competition pursuant to <u>Business & Professions Code</u>
25 │ <u>§ 17200 et seq.</u>, including disgorgement or profits, as may be proven;

26 │     11.    For an order enjoining Defendants and their agents, servants, and employees, and
27 │ all persons acting under, in concert with, or for them, from acting in derogation of any rights or
28 │ duties adumbrated in this Complaint;

EXHIBIT A
PAGE 41

12.     For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, et seq., conditional and final certification of a Collective Action, and for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b);

13.     For all general, special, and incidental damages as may be proven;

14.     For an award of pre-judgment and post-judgment interest;

15.     For an award providing for the payment of the costs of this suit;

16.     For an award of attorneys' fees; and

17.     For such other and further relief as this Court may deem proper and just.

DATED: December 22, 2017                    DAVID YEREMIAN & ASSOCIATES, INC.

By _____
                                            David Yeremian
                                            Alvin B. Lindsay
                                            Attorneys for Plaintiff JENNIFER CAMPOS
                                            and all others similarly situated

- 34 -
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: December 22, 2017                    DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Alvin B. Lindsay
**Attorneys for Plaintiff JENNIFER CAMPOS
and all others similarly situated**

- 35 -
COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alvin Lindsay (220236)<br>David Yeremian & Associates Inc.<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA 91203<br>TELEPHONE NO.: (818) 230-8380   FAX NO.: (818) 230-0308<br>ATTORNEY FOR *(Name):* Plaintiffs, Jennifer Campos | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**12/22/2017** at 09:14:52 AM<br><br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Campos v. Montage Hotels and Resorts, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2017-00963321-CU-OE-CXC |
|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE Judge Glenda Sanders<br>DEPT: |

CX-101

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 22, 2017
Alvin Lindsay
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A
PAGE 44